UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Cornelius Austin, | ) C/A No. 9:13-216-MGL-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Monica Watts; Parole Examiner, Mr. Ham, | ) |
| Defendants. | ) |

Plaintiff, Willie Cornelius Austin, is a state prisoner in the Turbeville Correctional Institution ("TCI"), part of the South Carolina Department of Corrections ("SCDC"), in Turbeville, South Carolina. Plaintiff, who is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. §§ 1915 and 1915A, brings this action under 42 U.S.C. § 1983, seeking injunctive relief/clarification of his sentence, which would result in Plaintiff's immediate or speedier release from confinement.[1]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



(4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute also allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Further, although this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## BACKGROUND

On January 23, 2013, Plaintiff filed this action using a state prisoner complaint form, complaining about his "Y.O.A. max-out date being re-modified with-out being re-sentenced by the judge to do so." ECF No. 1, p. 2. Plaintiff alleges that he filed a grievance in October 2012, but that he has not received a final response. Plaintiff also alleges that he has sent requests to staff to Defendant Monica Watts, who is alleged to be the "Y.O.I.P. Coordinator" at SCDC headquarters, the assistant warden, and the warden. *Id.* Plaintiff alleges that, according to his sentencing papers, his prison max-out date is October 2012, but "some-how it has been re-modified untill March 2014. I am emotionally and mentally distressed. How can the judge decision be over-rode without taking

2



me back in front of him to do so?" ECF No. 1-1, p. 1. Attached to and included with Plaintiff's Complaint is a "Motion For Clarification of sentence/Injunctive Relief." ECF No. 1-1, p. 2.

Plaintiff alleges that he was doing straight time at the Manning Correctional Institution when he was called over the intercom to report to the office to meet with Defendant Mr. Ham, the parole examiner, who told Plaintiff that he needed to sign some paperwork which Plaintiff did not need to read. ECF No. 1, p. 3. Plaintiff alleges that Defendant Ham told him "once you sign it your Youthful Offender Act will be TERMINATED." *Id.* Plaintiff alleges that, after he finished doing his straight time (20 months non-violent), he was sent to Turbeville to do an additional 10-month sentence. Plaintiff alleges that, after his first week of case management at Turbeville, he was told that his max-out date for his Y.O.A. is March 2012. Plaintiff alleges that Defendant Ham lied to him. "That's False Imprisonment he never terminated it!!!" ECF No. 1-1, p. 1. Plaintiff further alleges that he was told that Defendant Watts has control over YOA sentence calculations, and that he has written Defendant Watts numerous times since April 2012 and she has never responded. ECF No. 1, p. 3. Plaintiff alleges that he "was sentenced to a 1-5 Youthful Offender Act not to exceed 6 years! S.C. Dept. Of Corrections has re-modified (extended) yet Petitioner has not been re-sentenced. Do to code 24-13-40, S.C. Dept. Of Corrections has changed my sentence with un-lawful consent to do so." ECF No. 1-1, p. 2.

## DISCUSSION

First, insofar as Plaintiff's seeks his immediate, or speedier, or unconditional release from the SCDC's custody at TCI, such relief cannot be granted in this § 1983 action. The United States Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release

3



from [custody], his sole federal remedy is a writ of habeas corpus." In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court reiterated that release from custody is not a remedy available under 42 U.S.C. § 1983. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. Recently, in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the United States Fourth Circuit Court of Appeals affirmed the continued authority of *Preiser* and *Heck* as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action:

> In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), a group of state prisoners filed a § 1983 action alleging that the New York State Department of Correctional Services' denial of good-time credits violated their constitutional right to due process. The prisoners sought an injunction to force the prison to restore the credits, a remedy which would have reduced the prisoners' sentences. Despite the "literal applicability" of § 1983, the Supreme Court affirmed the district court's dismissal of the claim because the prisoners' "challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489. Because the plaintiffs "sought no [monetary] damages, but only equitable relief-restoration of their good-time credits," *id*. at 494, the Supreme Court expressly limited its holding to the equitable relief sought by the prisoners.

*Wilson*, 535 F.3d at 264.

When a former prisoner is challenging the validity of his past confinement, and due to his unconditional release "would be left without any access to federal court if his § 1983 claim was barred[,]" the Fourth Circuit has allowed the former prisoner's § 1983 claim to proceed. *See Wilson*, 535 F.3d at 268. Here, however, because Plaintiff remains in custody in TCI, and able to access the federal courts to bring a habeas challenge pursuant to 28 U.S.C. § 2254 or 28 U.S.C. §

4



2241, Plaintiff's claim for equitable relief is not cognizable in this § 1983 action and should be summarily dismissed.

A state prisoner's sole federal remedies for challenging the constitutional validity of his or her custody are a petition for writ of habeas corpus under § 2254 and possibly, but less commonly, a petition for writ of habeas corpus under § 2241,[2] either of which can be sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241).[3] For a § 2254 petitioner, the exhaustion requirement is statutory, pursuant to § 2244(d). As for § 2241, despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that, while § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be

---

[2] Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 U.S. Dist. LEXIS 55319, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

[3] Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010). *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, 218 F. App'x 266 (4th Cir. 2007), but does not appear to have taken a definitive stance to date.

5



resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

Here, with respect to Plaintiff's exhaustion requirement, Plaintiff's state court recourse for a claim that his sentence has been improperly executed or miscalculated is governed by the South Carolina Supreme Court's decision in *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000). In *Al-Shabazz*, the South Carolina Supreme Court held that an inmate's claim which does not challenge the underlying validity of a conviction or sentence must proceed through the process set out in the South Carolina Administrative Procedures Act ("SCAPA"), S.C. Code §§ 1-23-310 through 1-23-400, because, according to the *Al-Shabazz* opinion, requiring review through the SCAPA would provide an "orderly and consistent framework for resolving such matters ... [which] typically arise in two ways: ... (2) when an inmate believes prison officials have erroneously calculated his sentence[.]" *Al-Shabazz*, 338 S.C. at 369, 527 S.E.2d at 750. Thus, before Plaintiff may proceed with a federal habeas corpus petition in this court challenging his continued custody and/or his alleged sentence max-out date miscalculation, Plaintiff must first exhaust his state *administrative* remedies available through the SCDC grievance process, and then he must fully exhaust his state *court* remedies as provided through the SCAPA.

Plaintiff alleges that he filed a grievance, in October 2012, but that he has not received a final response. ECF No. 1, p.2.[4] Additionally, because Plaintiff's sentence execution

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. *See Aloe Creme Laboratories, Inc. v. Francine Co*, 425 F.2d 1295, 1296 (5th Cir. 1970); *see also*



claim is a non-collateral and/or administrative matter, if Plaintiff is unsatisfied with SCDC's response, Plaintiff would then need to begin the process of exhaustion of his State *court* remedies by filing an appeal from the SCDC administrative remedy process with the South Carolina Administrative Law Court ("SCALC").  *See Al-Shabazz,* 338 S.C. at 378-79, 527 S.E.2d at 755.[5]

It is clear from the face of Plaintiff's pleading that he did not exhaust his state administrative or state court remedies prior to filing this case.  Thus, even if his pleading were to be

---

*Branton v. Ozmint,* No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); *Jenkins v. South Carolina Dept. of Corrections*, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

[5]  As noted above, South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the SCALC.  *See Al-Shabazz*, 527 S.E.2d at 750; *see also Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 605 S.E.2d 506, 507 (S.C. 2004).  These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status.  *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz*, 527 S.E.2d at 750.  Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the SCALC, rather than through a post-conviction relief ("PCR") application filed in circuit court.  Here, Plaintiff raises such an administrative issue, as he asserts that Defendants have improperly calculated his sentence by failing to fully credit him with time served in pre-sentence incarceration and by changing his max-out date.  Accordingly, Plaintiff's exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the SCALC as outlined in *Al-Shabazz*, with appeal to the state appellate courts.  *Al-Shabazz*, 527 S.E.2d at 752-57 (discussing the application of the APA and the review process); Rule 203(b)(6), South Carolina Appellate Court Rules ("SCACR"); *see also* S.C. Code § 1-23-610(A)(1).  This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which will generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules.  *See generally* S.C. Code §§ 17-27-10 *et seq.*; Rule 243, SCACR.  Pursuant to the SCAPA and the SCACR, an inmate who is dissatisfied with the decision of the SCALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court.  S.C. Code § 1-23-610; Rule 242, SCACR

7



construed as a first-time assertion of a § 2254 or § 2241 "manner of execution" habeas challenge to Plaintiff's sentence, rather than as a § 1983 claim, this case must still be summarily dismissed because Plaintiff has not yet exhausted his state remedies.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss the Complaint in this case without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 29, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

