IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Cornelius Austin, ) | Civil Action No.: 9:13-216-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Monica Watts; Parole Examiner, Mr. Ham, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Willie Cornelius Austin ("Plaintiff"), proceeding, *pro se*, is a state prisoner at the Turbeville Correctional Institution in Turbeville, South Carolina. On January 23, 2013, Plaintiff, filed this civil action seeking injunctive relief and clarification of his sentence. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On January 29, 2013, Magistrate Judge Marchant issued a Report and Recommendation recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice and service of process as Plaintiff has failed to exhaust his administrative remedies. (ECF No. 11.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 11 at 9.) On

February 21, 2013, and March 15, 2013, Plaintiff was granted extensions to file his Objections, but failed to file timely Objections by March 24, 2013, the extended date his Objections were due. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without service of process.

IT IS SO ORDERED.

/s/Mary G. Lewis  
United States District Judge

Spartanburg, South Carolina  
April 18, 2013